UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
WALTER LEE ANDERSON,

                Plaintiff,

      -against-                                        11-CV-5663(SJF)(WDW)

MR. SPIZZIOTA, individually and in his
official capacity as Sheriff of Nassau County,
"JOHN DOE" and "JANE DOE," Nassau County
Corrections, and NASSAU COUNTY
CORRECTION OFFICERS,

                Defendants.
----------------------------------------------------------------------X
SHAWN PETERSON,

                Plaintiff,

      -against-                                        11-CV-6200 (SJF)(WDW)

MICHAEL SPOSATO, individually and in his official
capacity as Nassau County Sheriff, "JOHN DOE,"
individually and in his official capacity as Warden of
Nassau County Jail, and "JOHN DOE," individually
and in his official capacity as Superintendent of
Nassau County Jail,

                Defendants.
----------------------------------------------------------------------X    **ORDER**
LAWRENCE MASON,

                Plaintiff,

      -against-                                      11-CV-6216 (SJF)(WDW)

MICHAEL SPOSATO, as Sheriff of Nassau County,
"JOHN DOE," Warden of Nassau County Jail, and
"JOHN DOE," Superintendent of Nassau County Jail,

                Defendants.
----------------------------------------------------------------------X

------------------------------------------------------------------X
CECIL MYERS,

                Plaintiff,

      -against-                              11-CV-6224 (SJF)(WDW)

MICHAEL SPOSATO, individually and in his official
capacity as Sheriff of Nassau County, "JOHN DOE,"
individually and in his official capacity as Warden of
Nassau County Jail, and "JOHN DOE," individually
and in his official capacity as Superintendent of
Nassau County Jail,

                Defendants.
------------------------------------------------------------------X
TYRONE STEVENS,

                Plaintiff,

      -against-                              11-CV-6225 (SJF)(WDW)

MICHAEL SPOSATO, individually and in his official
capacity as Sheriff of Nassau County, "JOHN DOE,"
individually and in his official capacity as Warden of
Nassau County Jail, and "JOHN DOE," individually
and in his official capacity as Superintendent of
Nassau County Jail,

                Defendants.
------------------------------------------------------------------X
RAFAEL ROSARIO,

                Plaintiff,

      -against-                              11-CV-6226 (SJF)(WDW)

MICHAEL SPOSATO, individually and in his official
capacity as Sheriff of Nassau County, "JOHN DOE,"
individually and in his official capacity as Warden of
Nassau County Jail, and "JOHN DOE," individually
and in his official capacity as Superintendent of
Nassau County Jail,

                Defendants.
------------------------------------------------------------------X

------------------------------------------------------------X
PAUL DAIL,

                Plaintiff,

        -against-

MICHAEL SPOSATO, as Sheriff of Nassau County,
"JOHN DOE," Warden of Nassau County Jail, and
"JOHN DOE," Superintendent of Nassau County Jail,

                Defendants.
------------------------------------------------------------X
JOHN VALLEJOS,

                Plaintiff,

        -against-

MICHAEL SPOSATO, as Sheriff of Nassau County,
"JOHN DOE," Warden of Nassau County Jail, and
"JOHN DOE," Superintendent of Nassau County Jail,

                Defendants.
------------------------------------------------------------X
DARRYL ELLERBE,

                Plaintiff,

        -against-

MICHAEL SPOSATO, Sheriff of Nassau County,
"JOHN DOE," Warden of Nassau County, and
"JOHN DOE," Superintendent of Nassau County Jail,

                Defendants.
------------------------------------------------------------X
ERICK ORTIZ,

                Plaintiff,

        -against-

MICHAEL SPOSATO, as Sheriff of Nassau County,
"JOHN DOE," Warden of Nassau County Jail, and
"JOHN DOE," Superintendent of Nassau County Jail,

                Defendants.
------------------------------------------------------------X

11-CV-6227 (SJF)(WDW)

11-CV-6228 (SJF)(WDW)

11-CV-6231 (SJF)(WDW)

11-CV-6233 (SJF)(WDW)

------------------------------------------------------------X
BARNEY RIVERA,

      Plaintiff,

  -against-            11-CV-6245 (SJF)(WDW)

MICHAEL SPOSATO, individually and in his official
capacity as Sheriff of Nassau County, "JOHN DOE,"
individually and in his official capacity as Warden of
Nassau County Jail, and "JOHN DOE," individually
and in his official capacity as Superintendent of
Nassau County Jail,

      Defendants.
------------------------------------------------------------X
BENJAMIN CRAWLEY,

      Plaintiff,

  -against-            11-CV-6246 (SJF)(WDW)

MICHAEL SPOSATO, individually and in his official
capacity as Sheriff of Nassau County, "JOHN DOE,"
individually and in his official capacity as Warden of
Nassau County Jail, and "JOHN DOE," individually
and in his official capacity as Superintendent of
Nassau County Jail,

      Defendants.
------------------------------------------------------------X
JOHNNIE FLOYD,

      Plaintiff,

  -against-            11-CV-6247 (SJF)(WDW)

MICHAEL SPOSATO, as Sheriff of Nassau County,
"JOHN DOE," Warden of Nassau County Jail, and
"JOHN DOE," Superintendent of Nassau County Jail,

      Defendants.
------------------------------------------------------------X
VINCENTE OLIVA,

      Plaintiff,

  -against-            11-CV-6261 (SJF)(WDW)

MICHAEL SPOSATO, individually and in his official
capacity as Sheriff of Nassau County, "JOHN DOE,"
individually and in his official capacity as Warden of
Nassau County, and "JOHN DOE," individually
and in his official capacity as Superintendent of
Nassau County,

      Defendants.
------------------------------------------------------------X

------------------------------------------------------------------X
ALEXANDER GIL,

                Plaintiff,

    -against-                                11-CV-6262 (SJF)(WDW)

MICHAEL SPOSATO, individually and in his official
capacity as Sheriff of Nassau County, "JOHN DOE,"
individually and in his official capacity as Warden of
Nassau County, and "JOHN DOE," individually
and in his official capacity as Superintendent of
Nassau County,

                Defendants.
------------------------------------------------------------------X
CHRISTOPHER BRIGGS,

                Plaintiff,                  11-CV-6263 (SJF)(WDW)

    -against-

MICHAEL SPOSATO, as Sheriff of Nassau County,
"JOHN DOE," Warden of Nassau County Jail, and
"JOHN DOE," Superintendent of Nassau County Jail,

                Defendants.
------------------------------------------------------------------X
JOSEPH MICKENS,

                Plaintiff,                  11-CV-6265 (SJF)(WDW)

    -against-

MICHAEL SPOSATO, as Sheriff of Nassau County,
"JOHN DOE," Warden of Nassau County Jail, and
"JOHN DOE," Superintendent of Nassau County Jail,

                Defendants.
------------------------------------------------------------------X
ARTHUR EILLIS,

                Plaintiff,                  11-CV-6266 (SJF)(WDW)

    -against-

MICHAEL SPOSATO, as Sheriff of Nassau County,
"JOHN DOE," Warden of Nassau County Jail, and
"JOHN DOE," Superintendent of Nassau County Jail,

                Defendants.
------------------------------------------------------------------X

```
------------------------------------------------------------X
```
RICKEY LYNCH,

                Plaintiff,

        -against-                                  11-CV-6267 (SJF)(WDW)

MICHAEL SPOSATO, individually and in his official
capacity as Sheriff of Nassau County, "JOHN DOE,"
individually and in his official capacity as Warden of
Nassau County, "JOHN DOE," individually and in
his official capacity as Superintendent of Nassau
County, and COUNTY OF NASSAU,

                Defendants.
```
------------------------------------------------------------X
```
KEVIN HERNANDEZ,

                Plaintiff,

        -against-                                  11-CV-6268 (SJF)(WDW)

MICHAEL SPOSATO, Sheriff of Nassau County,
"JOHN DOE," Warden of Nassau County, and
"JOHN DOE," Superintendent of Nassau County,

                Defendants.
```
------------------------------------------------------------X
```
JOSE MOLINA,

                Plaintiff,

        -against-                                  11-CV-6286 (SJF)(WDW)

MICHAEL SPOSATO, as Sheriff of Nassau County,
"JOHN DOE," Warden of Nassau County Jail, and
"JOHN DOE," Superintendent of Nassau County Jail,

                Defendants.
```
------------------------------------------------------------X
```
JAVON STEVEN GAMBLE,

                Plaintiff,

        -against-                                  11-CV-6325 (SJF)(WDW)

"JOHN/JANE DOE," Nassau County Sheriff's Dept.,
"JOHN/JANE DOE," Nassau University Medical Center,
and OFFICER DE STEFFANO, Nassau County
Sheriff's Dept.,

                Defendants.
```
------------------------------------------------------------X
```

----------------------------------------------------------------X
NELSON CONTRERAS,

        Plaintiff,

        -against-

MICHAEL SPOSATO, Sheriff of Nassau County,
"JOHN DOE," Warden of Nassau County, and
"JOHN DOE," Superintendent of Nassau County,

        Defendants.
----------------------------------------------------------------X
GENRI ACOSTA,

        Plaintiff,

        -against-

MICHAEL SPOSATO, Sheriff of Nassau County,
"JOHN DOE," Warden of Nassau County Jail, and
"JOHN DOE," Superintendent of Nassau County Jail,

        Defendants.
----------------------------------------------------------------X
OTONIEL CASTILLO RECINOS,

        Plaintiff,

        -against-

MICHAEL SPOSATO, Sheriff of Nassau County,
"JOHN DOE," Warden of Nassau County Jail, and
"JOHN DOE," Superintendent of Nassau County Jail,

        Defendants.
----------------------------------------------------------------X
VIDAL ESPINAL,

        Plaintiff,

        -against-

MICHAEL SPOSATO, Sheriff of Nassau County,
"JOHN DOE," Warden of Nassau County, and
"JOHN DOE," Superintendent of Nassau County,

        Defendants.
----------------------------------------------------------------X

12-CV-0159 (SJF)(WDW)

12-CV-0160 (SJF)(WDW)

12-CV-0161 (SJF)(WDW)

12-CV-0162 (SJF)(WDW)

----------------------------------------------------------------X
LUIS UMPIERRE,

                Plaintiff,

      -against-

MICHAEL SPOSATO, as Sheriff of Nassau County, "JOHN DOE," Warden, "JOHN DOE," Superintendent of Jail, and "JANE DOE," Armour Correctional Health, Inc. of Jail,

                Defendants.
----------------------------------------------------------------X
DION DELGADO,

                Plaintiff,

      -against-

MICHAEL SPOSATO, Sheriff of Nassau County, "JOHN DOE," Warden of Nassau County Jail, and "JOHN DOE," Superintendent of Nassau County,

                Defendants.
----------------------------------------------------------------X
RONNIE DUREN,

                Plaintiff,

      -against-

MICHAEL SPOSATO, Sheriff, and "JOHN DOE 1-3," Officers,

                Defendants.
----------------------------------------------------------------X
CHARLES RAYMOND MCCLENDON,

                Plaintiff,

      -against-

MICHAEL SPOSATO, Nassau County Sheriff,

                Defendant.
----------------------------------------------------------------X
CHRISTFUL FOUSE,

                Plaintiff,

      -against-

MICHAEL SPOSATO, Sheriff of Nassau County, "JOHN DOE," Warden of Nassau County Jail, and "JANE DOE," Superintendent of Nassau County Jail,

                Defendants.
----------------------------------------------------------------X

12-CV-0181 (SJF)(WDW)

12-CV-0183 (SJF)(WDW)

12-CV-0451 (SJF)(WDW)

12-CV-0452 (SJF)(WDW)

12-CV-0644 (SJF)(WDW)

------------------------------------------------------------------X
RHAMEL LAWSON,

                Plaintiff,

      -against-                                 12-CV-0645 (SJF)(WDW)

MICHAEL SPOSATO, Sheriff of Nassau County,
"JOHN DOE," Warden of Nassau County Jail, and
"JOHN DOE," Superintendent of Nassau County Jail,

                Defendants.
------------------------------------------------------------------X
BASTIEN GERARD,

                Plaintiff,

      -against-                                 12-CV-0638 (SJF)(WDW)

MICHAEL SPOSATO, "JOHN DOE," Warden of
Nassau County Jail, and "JOHN DOE," Superintendent
of Nassau County Jail,

                Defendants.
------------------------------------------------------------------X
FEUERSTEIN, District Judge:

      Between November 16, 2011 and the date of this order, the thirty-three (33) incarcerated *pro se* plaintiffs named above filed separate complaints pursuant to 42 U.S.C. § 1983 ("Section 1983") challenging the prison conditions at the Nassau County Correctional Center ("NCCC"), accompanied by, *inter alia*, applications to proceed *in forma pauperis*. Plaintiffs' financial status, as set forth in their declarations in support of their applications to proceed *in forma pauperis*, qualify them to commence the actions without prepayment of the filing fee. Accordingly, plaintiffs' respective applications to proceed *in forma pauperis* are granted.

1

I.  Consolidation of Actions

In their complaints and/or amended complaints, plaintiffs allege, *inter alia*: (1) the existence of unhealthy, unsanitary and/or hazardous conditions at the NCCC, including (a) unclean showers, sinks, toilets and cells, (b) faulty plumbing, (c) cells that are too cold, (d) bug and mouse infestation and (f) poorly prepared, unsanitary and unwholesome meals; (2) that their grievances and/or complaints about those conditions were ignored; and (3) that they are being housed with an inmate who has "full blown AIDS disease," which poses an unreasonable risk of harm to their health and safety. In addition, plaintiff Ronnie Duren ("Duren") contends, *inter alia*, that certain "John Doe" corrections officers "bang[] the cell doors daily at 6:30 a.m. as a means of waking inmates" and that gates are banged throughout the day "which is very loud and violent," (Duren Compl., ¶ IV); and plaintiff Charles Raymond McClendon ("McClendon") alleges that the roof is leaking at the NCCC and that "medical and dental evaluations aren't being met in a timely matter [sic]," (McClendon Compl., ¶ IV).

Rule 42(a) of the Federal Rules of Civil Procedure provides that "[i]f actions before the court involve a common question of law or fact, the court may: * * * consolidate the actions; or issue any other orders to avoid unnecessary cost or delay." See Devlin v. Transportation Communications Intern. Union, 175 F.3d 121, 130 (2d Cir. 1999). District courts have broad discretion to determine whether consolidation is appropriate, see Johnson v. Celotex Corp., 899 F.2d 1281, 1284-1285 (2d Cir. 1990), and may consolidate actions under Rule 42(a) *sua sponte*. See Devlin, 175 F.3d at 130. Consolidation "should be prudently employed as a valuable and important tool of judicial administration, * * *, invoked to expedite trial and eliminate unnecessary repetition and confusion." Devlin, 175 F.3d at 130 (internal quotations and citations

2

omitted). Nonetheless, although considerations of judicial economy generally favor consolidation, "[c]onsiderations of convenience and economy must yield to a paramount concern for a fair and impartial trial." Johnson, 899 F.2d at 1285; see also Devlin, 175 F.3d at 130 ("[E]fficiency cannot be permitted to prevail at the expense of justice * * *.") In determining whether consolidation is appropriate, the court must consider:

> Whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

Johnson, 899 F.2d at 1285 (internal quotations and citations omitted).

All thirty-three (33) actions were recently filed and have not yet proceeded to discovery; all of the complaints allege similar unsanitary and hazardous conditions existing at the NCCC, indeed, many of the complaints and/or amended complaints are virtually identical; and there will be minimal, if any, prejudice or confusion to the parties in consolidating these actions. Therefore, in the interests of judicial economy and efficiency, and to minimize the expense and burden on all parties in prosecuting and defending multiple lawsuits, the thirty-three (33) actions are consolidated for all pretrial purposes and for trial, which will be bifurcated on the issue of liability and damages, with leave for any party to seek to sever the actions for the purpose of any trial on the issue of damages **within ten (10) days following the close of discovery in this consolidated action.** The actions will henceforth proceed under docket number 11-cv-5663 (the "lead case"), all papers filed in these actions shall henceforth bear only the lead case docket number, the caption of this consolidated action shall be amended in accordance with this Order

3

and the actions assigned docket numbers other than the lead docket number shall be administratively closed with leave to reopen for the purpose of any trial on the issue of damages.

II. Conclusion

For the foregoing reasons, it is hereby:

ORDERED that plaintiffs' respective applications to proceed *in forma pauperis* are granted; and it is further,

ORDERED that the thirty-three (33) above-designated actions are consolidated for all purposes, including trial, to proceed under docket number 11-cv-5663 ("the consolidated action"), with leave to move to sever the actions for the purpose of any trial on the issue of damages **within ten (10) days following the close of discovery in this consolidated action**; and it is further,

ORDERED that the Clerk of Court shall: (1) amend the caption of the lead case in accordance with this Order, (2) administratively close the actions assigned docket numbers other than the lead docket number, with leave to reopen as set forth herein and (3) forward to the United States Marshal for the Eastern District of New York copies of the summonses, complaints, and this order for service upon all named defendants without prepayment of the filing fee; and it is further,

ORDERED that when any *pro se* action relating to the subject matter of this consolidated action is hereafter filed in this Court, the Clerk of the Court shall: (1) assign such action a new case number ("newly-filed action") to proceed before the undersigned and Magistrate Judge

William D. Wall;[1] (2) docket this order in each newly-filed action; (3) consolidate each newly-filed action with this consolidated action and make an appropriate entry on the consolidated action's docket so indicating; (4) mail a copy of this order to the plaintiff in the newly-filed action and so indicate on the consolidated action's docket; and (5) administratively close each newly-filed action; and it is further,

ORDERED that any party to a newly-filed action, i.e., the plaintiff filing the newly-filed action and any named defendant therein, may move to sever any claim raised in such newly-filed action that was not raised in the previous thirty-three (33) actions **within thirty (30) days after the Clerk of the Court mails the plaintiff filing the newly-filed action a copy of this order**, or they will be deemed to have waived their right to seek severance, except as otherwise provided herein, i.e., for trial on the issue of damages. Any plaintiff of a newly-filed action with a severed claim may proceed with such claim after the resolution of this consolidated action by moving to have the newly-filed action reopened **within thirty (30) days of the entry of judgment in this consolidated action**, or the severed claim will be deemed voluntarily withdrawn; and it is further,

ORDERED that the United States Marshal Service shall serve the summonses and complaints, together with a copy of this order, upon defendants without prepayment of the filing

---

[1] The actions consolidated herein, and any newly-filed action hereunder, are deemed "related" only to the extent that they relate to the subject matter of this consolidated action. Any future civil action commenced by any of the *pro se* plaintiffs in this consolidated action and any newly-filed action hereunder shall not be deemed "related" within the meaning of Local Civil Rule 50.3.1(e)(2) and, thus, shall not be automatically assigned to the undersigned unless such plaintiff has filed an action unrelated to the subject matter of this consolidated action that was previously assigned to me. Rather, any such future actions shall be either randomly assigned or automatically assigned to the district judge who presided over any prior action filed by such plaintiff.

5

fee; and it is further,

ORDERED that pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, the Clerk of the Court shall serve notice of entry of this order upon all parties in accordance with Rule 5(b) of the Federal Rules of Civil Procedure, including mailing a copy of this order to each plaintiff's address of record pursuant to Rule 5(b)(2)(C).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed.2d 21 (1962).

SO ORDERED.

Sandra J. Feuerstein
United States District Judge

Dated: February 13, 2012
Central Islip, New York